UNITED STATES of America,
Plaintiff—Appellee,

v.

Jeramie Shane BIRDSBILL,
Defendant—Appellant.

No. 03–30204.

D.C. No. CR–02–00072–1–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided May 4, 2004.

David G. Dennis, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellant.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

---

MEMORANDUM *

Jeramie Shane Birdsbill ("Birdsbill") appeals his jury conviction for aggravated sexual abuse of a male child, in violation of 18 U.S.C. §§ 1153 and 2241(c). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1**

The district court did not err either in denying Birdsbill's motion to dismiss or in declining to sanction the government for withholding during discovery exculpatory material consisting of a police report regarding a previous inconsistent statement that W.[1]—the child victim—gave to Officer Boyd during Boyd's investigation of Birdsbill's alleged acts of sexual abuse. The government's non-disclosure does not rise to the level of a *Brady* violation because defense counsel gained this information sufficiently in advance of the trial date—74 days before Birdsbill's first trial (which ended in a mistrial), and 109 days before the beginning of the second trial—so that the delay in disclosure caused no prejudice. *See United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir.1988) ("To escape the Brady sanction, disclosure must be made at a time when disclosure would be of value to the accused.") (internal quotation marks and citation omitted). Because Birdsbill used the police report during his second trial to cross-examine W. and to remind the jury during closing argument of the significance of W.'s inconsistent statements, he plainly was able to present his case with no prejudice from the delayed disclosure.

**2**

The district court did not abuse its discretion by allowing, pursuant to Federal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We refer to the child witnesses with one-letter initials to preserve their anonymity.

Rules of Evidence 413 and 414, E.'s testimony about the circumstances of her prior rape, a crime for which Birdsbill had been convicted, and S.'s testimony about alleged acts of molestation, for which charges against Birdsbill had been dropped as part of his plea agreement in E.'s case.

In admitting the evidence, the district court correctly applied the factors of *United States v. LeMay*, 260 F.3d 1018, 1032 (9th Cir.2001), and found that (1) the evidence of Birdsbill's rape of E. and his molestation of S. were similar to W.'s allegations of sexual abuse; (2) the prior acts of sexual misconduct happened near the time when W. alleged that he had been abused (Birdsbill's rape of E. happened "contemporaneous[ly]" with the alleged molestation of W., and only five months elapsed between the acts involving S. and those involving W.); (3) Birdsbill's conviction in E.'s case vitiated any need to show "frequency," and the two-time molestation of S. satisfied the frequency requirement;[2] (4) there were no intervening circumstances militating against admission of the testimony; and (5) the lack of physical evidence of abuse and the lack of additional witnesses to corroborate W.'s allegations made E. and S.'s testimony necessary.

The district court also took precautions to avoid admitting sexual misconduct evidence that might have been unduly prejudicial, such as limiting testimony about prior sexual acts to two witnesses (rather than the four who were available); reserving ruling on its Rule 403 analysis until the government had presented all evidence relevant to the case; and instructing the jury that although it had heard evidence of acts involving S. and E., its duty was "to determine whether the United States ha[d] proven beyond a reasonable doubt the guilt of the defendant for the crime charged in the indictment, and that only." Therefore, the district court did not abuse its discretion when it admitted evidence of Birdsbill's prior acts of sexual misconduct.

**3**

■ The district court did not abuse its discretion by allowing Michaelene and W. to testify about Birdsbill's previous violent acts against Michaelene. The district court admitted the evidence under Rule 404(b) for the limited purpose of showing that W. was afraid of Birdsbill, and thus to explain why W. refrained for more than a year and a half from revealing that he had been abused. This "other crime" evidence was admissible because (1) Birdsbill's crimes of violence against Michaelene were not in dispute; (2) the acts of violence happened around the same time that the alleged abuse of W. had occurred; and (3) introducing the violent acts was necessary to show why W. was silent for so long after he was allegedly abused by Birdsbill. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir.2000) (test for admitting "other crime" evidence). Nor was the testimony about Birdsbill's propensity for violence unduly prejudicial under Rule 403, as the district court limited the testimony to incidents about which W. knew or had witnessed, and the proscribed testimony

---

**2.** The district court may have misanalyzed the frequency factor as it related to S.'s case because *LeMay's* interpretation of frequency concerned not how many times an individual victim had suffered at the hands of the defendant but rather the number of prior acts the defendant committed regardless of the victim's identity. *See* 260 F.3d at 1029. Nevertheless, any error is harmless because the government had two additional witnesses to corroborate Birdsbill's alleged sexual abuse, which testimony the district court did not admit for fear of prejudicial effect. *See id.* (discussing the frequency requirement and noting that "[a]lthough it was not introduced at trial, the government also had evidence of a third incident in which LeMay had sexually abused his young relatives.").

tended to prove the material fact that W. was credible despite his long silence and repeated denials of Birdsbill's assaults.

**4**

■ Birdsbill contends that the district court should have granted his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 on the ground that it is unclear from W.'s testimony whether the events in question took place in the relevant time period stated in the indictment, i.e., "on or about February 1, 1998, and continuing through January 1999." We disagree. Viewing the evidence in the light most favorable to the government, a reasonable juror could have found beyond a reasonable doubt that Birdsbill committed the charged offense, see *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), because (1) W. testified that Birdsbill used to abuse him when he was in second grade, which was between 1998–99; (2) W. testified that he was being molested until Birdsbill moved out of Michaelene's house at the end of January 1999; and (3) a prosecution witness testified that while she dated Birdsbill from May 1998 through his arrest in January 1999, he was living primarily at Michaelene's house and had access to W.

**5**

■ The district court did not abuse its discretion by excluding Birdsbill's proposed expert testimony explaining the results of his Abel Assessment of Sexual Interest ("AASI") test, which purported to show a normal sexual interest pattern and no abnormal sexual interest in young boys. The district court properly applied the factors set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and gave sound reasons for why the test was

neither relevant nor reliable under the circumstances, including the following: (1) the AASI test is a psychological instrument to be used for treatment, not for diagnostic purposes, and it is not designed to assess the tendency of a person to abuse children sexually; (2) Dr. Abel did not use a control group and it is unclear how or whether the test ferrets out "fakers"; (3) the test has not been subject to adequate peer review because Dr. Abel has proprietary rights over the test and has not shared his formula with other scientists (and those who have tried to assess the test's validity have come up with dubious and inconsistent results); (4) the potential error rate "varies from poor ... to appalling," which makes it an unreliable instrument; and (5) the relevant scientific community does not generally accept the AASI test as a diagnostic test for pedophilia. *See United States v. Birdsbill*, 243 F.Supp.2d 1128 (D.Mont.2003). That the district court did not hold a formal *Daubert* hearing is of no consequence in light of the court's thorough and proper analysis of the *Daubert* factors. *See United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000) ("[T]rial courts are not compelled to conduct pretrial hearings in order to discharge the gatekeeping function.").

**6**

Although the district court erred by refusing to strike the limited portion of Dr. Sauer's testimony that impermissibly bolstered W.'s credibility, the error is not a ground for reversal because it is not more probable than not that the testimony materially affected the verdict. *See United States v. Valle–Valdez*, 554 F.2d 911, 916 (9th Cir.1977). The last sentence of Dr. Sauer's testimony, which described W.'s answer as "honest" and "straight forward," could not have had a material impact on the verdict in light of all the other informa-

tion admitted at the three-day trial, including testimony by other doctors that W. had told them he had been molested, and W.'s own testimony, which had been subjected to cross-examination before the jury.

7

Finally, although the district court erred by admitting impermissible hearsay evidence, i.e., the testimony of Officer Boyd regarding what S. told him about Birdsbill's molestation of S., in light of S.'s own compelling testimony, on which he was cross examined, and other corroborating evidence, any error was harmless beyond a reasonable doubt and does not warrant reversal. *See United States v. Payne,* 944 F.2d 1458, 1472 (9th Cir.1991).

**AFFIRMED.**